MICHAEL L. COHEN (S.B. # 206253)
MICHAEL L. COHEN, a PLC
707 Wilshire Boulevard, Suite 4100
Los Angeles, CA 90017
Telephone: (213) 943-6800
Facsimile: (213) 943-6850
michaellcohen@cohen-law.org

Attorney for Plaintiff
STEVEN M. ROTH


MICHAEL G. YODER (S.B. # 83059)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 760-9600
Facsimile: (949) 823-6994
myoder@omm.com

PAUL F. DONSBACH (S.B. # 174129)
KUTAK ROCK LLP
515 S. Figueroa Street, Suite 1240
Los Angeles, CA 90071
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
paul.donsbach@kutakrock.com

Attorneys for Defendant
ZURICH AMERICAN INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. ROTH,<br><br>           Plaintiff,<br><br>     v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>           Defendant. | Case No. CV 05-8991 ODW (SSx)<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION**<br><br>Trial Date: November 3, 2009 |

# ORDER

Pursuant to the parties' Joint Stipulation for Protective Order, filed October, 28, 2009, and good cause appearing therefore, IT IS HEREBY ORDERED that:

(1) Subject to the Stipulation and Order, Zurich may designate as "Confidential Material" any documents marked with the words "CONFIDENTIAL." Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents or things designated as Confidential, as well as the matters contained therein, and extracts and summaries thereof containing Confidential Material, shall be used for no purpose other than prosecuting or defending the above-captioned action and shall be disclosed only to the persons identified in paragraph (3) below. In no event shall any person receiving Confidential Material use it for commercial or competitive purpose or make any public disclosure of the contents thereof. However, nothing contained in this Protective Order shall affect the right of the Zurich to disclose or use its own Confidential Material.

(2) If Roth believes that material designated "CONFIDENTIAL" is not in fact the proper subject matter for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then Roth shall provide to Zurich written notice of its disagreement with the designation. The parties shall then attempt to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, then Roth may challenge the designation by requesting appropriate relief from the Court. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise in writing, the material involved shall be treated as Confidential in accordance with the terms herein.

(3) Roth's access to any Confidential Material, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) Roth's employees and agents who have a reasonable need to know such information in connection with the defense of this action; (ii) Roth's counsel and their associates, assistants, agents and employees; (iii) Roth's experts and consultants retained in connection with this action; and (iv) third parties deposed in this action to the extent that such disclosure is reasonably necessary for the prosecution of this action.  Witnesses who are shown Confidential Material shall not be allowed to retain copies of the Confidential Material.

(4) Individuals and entities identified above in paragraph (3), shall have access to Confidential Material only after being informed of the provisions of this Order and only after agreeing to be bound by it.  Persons identified in paragraph (3) sections (i) and (iii), prior to being shown Confidential Material, each such person shall execute a copy of the Certification annexed to this order (which shall be retained by counsel for Roth so disclosing the Confidential Material and made available for inspection by opposing counsel during the pendency of and after termination of the action only upon good cause shown and upon order of the Court).

(5) Individuals and entities permitted access pursuant to paragraph (3) hereof to Confidential Material, or any parts thereof, are hereby ordered not to show, convey or reproduce any such documents or things, or any parts hereof, or any copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to Confidential Material under the provisions of this Order.

(6) Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violations of this Protective Order.

PROTECTIVE ORDER
CASE NO. CV 05-8991 ODW (SSX)

(7)  Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody use and/or dissemination of such material.

(8)  Submission of Confidential Material to the Court shall be lodged or filed with the Court under seal in accordance with the Federal Rules of Civil Procedure and the applicable local and court rules.  All papers filed which discuss, describe or quote any portion of Confidential Material shall also be filed under seal.  All documents, exhibits or papers filed in connection with any proceedings relating to compliance with, performance under, construction or violation of this Protective Order shall be filed under seal.

(9)  Any Confidential Material, if filed with the Court, and any brief referring to any such Confidential Material, shall be kept by the Clerk under seal.  The person filing any Confidential Material shall be responsible for advising the Clerk that the material is subject to this Order and is to be kept under seal, except that any party may so advise the Clerk.

(10)  In the event that any Confidential Material is used in any proceeding in this litigation (including but not limited to conferences, trial, or hearings), the Confidential Material shall not lose its confidential status through such use.  The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

(11)  If Roth discloses Confidential Material to any person other than in a manner authorized by this Order, upon discovery of the disclosure, Roth shall immediately inform Zurich of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to Roth, including who has knowledge of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

(12)   The execution of this Stipulation and Order, and the entry of a protective order pursuant hereto, shall not, in itself be construed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

(13)   In no event will Roth disclose confidential information or Confidential Material to any individual or entity except as specifically allowed in paragraph (3) and/or paragraph (10).

(14)   At the conclusion of litigation between the parties, including the running of any time to appeal or move for other relief, Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for Zurich, or (b) destroy such documents within the time period upon consent of Zurich and certify in writing within thirty (30) days that the documents have been destroyed.

(15)   Each party reserves the right to apply to the Court to modify the terms of this Order in the event the party believes it to be necessary.  In the event such an application is made, all persons described herein shall be bound by this Order until it is modified by the Court.

Dated: _October 29, 2009___

THE HONORABLE OTIS D. WRIGHT, II
District Court Judge

NB1:785637.1